IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GILBERT R. KIMPEL | : | |
| | : | |
| v. | : | CIVIL NO. CCB-06-0097 |
| | : | |
| BOARD OF COUNTY COMMISSIONERS, CECIL COUNTY, et al. | : | |

...o0o...

**MEMORANDUM**

Plaintiff has filed this civil rights case against 14 named defendants and four unnamed "John Doe" defendants. He has filed a motion for leave of court to serve the "John Doe" defendants, stating that the clerk of this court refuses to issue summons against unknown persons.

Although the use of "John Doe" to identify a defendant is not favored, where the identity of alleged defendants is not known prior to filing a complaint, a plaintiff may be given an opportunity through discovery to identity the unknown defendants. *See Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978). As one district court has stated:

> The Federal Rules of Procedure make no mention of mechanisms for pleading against unnamed parties through the use of the legal fiction of John Doe or Jane Roe. Of course, this fiction has been allowed in order to proceed against parties who are not known at the time the complaint is filed, but whose identities may be learned through the discovery process. *See, e.g., Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). "As Bivens... recognize[s], when, as here, a party is ignorant of defendants' true identity, it is unnecessary to name them until their identity can be learned through discovery or through the aid of the trial court." *Maclin v. Paulson,* 627 F.2d 83, 87 (7th Cir.1980). However, the Doe fiction may only be used until such time as the actual identities can be learned. "Fictitious parties must eventually be dismissed, if discovery yields no identities." *Scheetz v. Morning Call, Inc.,* 130 F.R.D. 34, 37 (E.D.Pa.1990). *See also, e.g., Schiff v. Kennedy,* 691 F.2d 196, 198 (4th Cir.1982); *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir.1980).

*Kemper Ins. Companies, Inc. v. Federal Exp. Corp.*, 115 F.Supp.2d 116, 124-25 (D.Mass. 2000). In other instances, a complaint has been permitted against John Doe defendants where the individuals have been described with sufficient particularity to permit service to be made. *See Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992); *Keno v. Doe*, 74 F.R.D. 587, 588 n.2 (D.N.J. 1977).

In this case, the plaintiff can proceed against the named defendants. If and when the "John Doe" individuals' identities become known to the plaintiff through the process of discovery, he may seek to amend his complaint with their proper names or other sufficient identifying information and to serve process at that time. *See* Fed.R.Civ.P. 15, 4(m).[1]

Plaintiff's reference to *In re John Does*, 1993 U.S. Dist. LEXIS 1284 (D.Md. 1993) is inapposite. In that case, the court approved a request by the Internal Revenue Service to issue a "John Doe" summons, which is a statutory tool whereby the IRS can direct a third party to surrender information concerning taxpayers whose identity is currently unknown to the agency. *See* 26 U.S.C.A. § 7609(f); *Tiffany Fine Arts, Inc. v. U.S.*, 469 U.S. 310, 314-17 (1985). This statutory provision does not apply to the plaintiff's case.[2]

The plaintiff's motion will be denied by separate Order.

|   February 7, 2006   | /s/ |
|---|---|
| Date | Catherine C. Blake |
| | United States District Judge |

---

[1] I express no opinion about whether the statute of limitations may affect this effort. It appears the plaintiff filed suit exactly three years after the beating which he complains of.

[2] The plaintiff also claims that in the case of *Davis v. Board of County Comm'rs, et al.*, Civil No.05-JFM-1578, the clerk of this court issued summons for John Doe Defendants without objection or voicing any concern. Inadvertent clerical error in one case, not supported by any judicial ruling, does not control when the issue is raised in another case.